UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARCETTE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>R. WALKER, *ET AL.*,<br><br>Defendants. | Civil No.   14-cv-01297 BAS(NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Plaintiff Juan Marcette Davis ("Plaintiff"), a state prisoner currently incarcerated at the California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff claims Defendants, all Richard J. Donovan Correctional Facility medical and correctional officials, violated his Eighth Amendment right to adequate medical treatment in 2012 and 2013 by failing to "honor [the] recommendations of [his previous] doctors and specialists," and failing to provide him appropriate care and physical

accommodations after he received surgery on his left foot. *See* Compl. at pp. 3-4, 8-14. Plaintiff alleges that a result of Defendants' failure to honor his prior chrono for a lower bunk assignment, he fell and further injured his back. *Id.* at 3, 4, 9-10. He seeks damages "to be determined" and demands a jury trial. *Id.* at 7.

Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), as well as a Motion to Appoint Counsel (ECF No. 3).

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP without prepayment nevertheless remains obligated to satisfy his fee obligation in installments regardless of whether his action is dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted certified copies of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the prison certificate issued by an accounting clerk at CRC verifying his available balances, and has determined that he has no money in his account, and had no monthly deposits or balance credited to his account during the 6-month period preceding the filing of his Complaint. Therefore, Plaintiff has no available funds from which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///
///
///

## II.

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a form requesting the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1) based on his indigence. *See* Pl.'s Mot. (ECF No. 3). While section 2000e-5(f)(1) provides for the appointment of counsel under specified certain circumstances in employment discrimination cases arising under Title VII of the Civil Rights Act of 1964, *see Johnson v. U.S. Treasury Dept.*, 27 F.3d 415, 416-17 (9th Cir. 1994), Plaintiff's conditions of confinement claims arise under 42 U.S.C. § 1983 and § 1343(a)(3); therefore, the Court liberally construes his request as a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) instead. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's "'obligation'…'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25-27 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion is generally exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this preliminary stage of the proceedings, the Court declines to exercise its discretion under § 1915(e)(1), and **DENIES** Plaintiff's Motion without prejudice. As explained below, Plaintiff appears capable of articulating the factual basis for his Eighth Amendment claims and the legal basis for them is not at all complex. *Id.* Moreover,

while the Court finds Plaintiff's Complaint sufficient to survive the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), the likelihood of his ultimate success on the merits is not at all yet clear. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also requires the Court to review complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2), (h), & § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds Plaintiff's Eighth Amendment claims contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and thus, his Complaint is sufficient to survive the *sua sponte* screening

required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges Defendants acted with "deliberate indifference" to an "obvious," "painful" and "pre-existing" foot condition when they "failed to honor recommendations of [his] doctors and specialists," and "interfered with treatment," including a lower bunk assignment, which had been "prescribed" by his treating physicians. *See* Compl. (ECF No. 1) at pp. 3-14. Plaintiff further alleges Defendants' failures resulted in his fall from an upper bunk and caused injury to his back. *Id.* at pp. 3-4.

"[D]eliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the unnecessary and wanton infliction of pain...proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations and citations omitted). Deliberate indifference may be shown through a prison doctor's inadequate response to an inmate's serious medical needs, when "prison guards intentionally deny[] or delay[] access to medical care," or if they "intentionally interfer[e] with...treatment once prescribed." *Id.* at 104-105; *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011); *Wakefield v. Thompson,* 177 F.3d 1160, 1165 (9th Cir. 1999) (finding allegations that a prison official ignored the instructions of a prisoner's treating physician sufficient to state a claim for deliberate indifference).

Accordingly, the Court will direct U.S. Marshal service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal...if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

///

///

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 2) is **GRANTED** pursuant to 28 U.S.C. § 1915(a).

2. Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice pursuant to 28 U.S.C. § 1915(e)(1).

3. The Secretary of the CDCR, or his designee, is **DIRECTED** to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by calculating monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

5. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants WALKER, CASIAN, FLORES, and CLARK, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.[3] In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified

---

[3] Plaintiff includes "Does 1-10" as Defendants in the caption of his Complaint, but nowhere in its body does he identify these purported parties, describe their roles, or allege any facts sufficient to state any plausible claim for relief against them. *Iqbal*, 556 U.S. at 678. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); *Resnick v. Adams*, 348 F.3d 763, 766 n.2 (9th Cir. 2003). A defendant is not presumed a party to the action if he is not served or named in the caption, unless he is specifically and sufficiently identified in the body of the complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.").

1  copy of his Complaint (ECF No. 1), and the summons so that he may serve each named
2  Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the
3  Form 285s as completely and accurately as possible, and to return them to the United
4  States Marshal according to the instructions provided by the Clerk in the letter included
5  in his IFP package. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the
6  Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form
7  285s. All costs of service will be advanced by the United States. *See* 28 U.S.C.
8  § 1915(d); Fed. R. Civ. P. 4(c)(3).

9       6.    Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint
10 within the time provided by the applicable provisions of Federal Rule of Civil Procedure
11 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted
12 to "waive the right to reply to any action brought by a prisoner confined in any jail,
13 prison, or other correctional facility under section 1983," once the Court has conducted
14 its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus,
15 has made a preliminary determination based on the face on the pleading alone that
16 Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required
17 to respond).

18      7.    Plaintiff must serve upon the Defendants or, if appearance has been entered
19 by counsel, upon Defendants' counsel, a copy of every further pleading or other
20 document submitted for consideration by the Court. Plaintiff must include with the
21 original paper to be filed with the Clerk of the Court a certificate stating the manner in
22 which a true and correct copy of the document was served on Defendants, or counsel for
23 Defendants, and the date of such service. Any paper received by the Court which has not
24 been filed with the Clerk or which fails to include a Certificate of Service will be
25 disregarded.

26      **IT IS SO ORDERED.**

27
28 **DATED: September 5, 2014**

Hon. Cynthia Bashant
United States District Judge